Jeffrey J. Goodrich (SBN 107577)
Goodrich & Associates
336 Bon Air Center, #335
Greenbrae, CA 94904
(415) 925-8630 VOICE
(415) 925-9242 FAX

Attorneys for First Priority
Sargent Ranch Lenders

```
           FILED ✓
           ENTERED
           LODGED
           RECEIVED

         MAY 0 6 2010

   CLERK, U.S. BANKRUPTCY COURT
   SOUTHERN DISTRICT OF CALIFORNIA
   BY                      DEPUTY
```

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**BY FAX**

| | |
|---|---|
| In re: | CHAPTER 11 |
| SARGENT RANCH, LLC, | Case No. 10-00046-PB |
| Debtor | OPPOSITION OF FIRST PRIORITY SARGENT RANCH LENDERS TO DEBTOR'S MOTION TO EMPLOY FREEMAN ASSOCIATES AND TO SECURITIZE CONTRACT WITH PRIMING LIEN |
| | DATE: May 17, 2010<br>TIME: 11:00 a.m.<br>DEPT: 4<br>JUDGE: Hon. Peter W. Bowie |

OPPOSITION OF FIRST PRIORITY SARGENT
RANCH LENDERS TO DEBTOR'S MOTION
TO EMPLOY FREEMAN ASSOCIATES, ETC.

1

First Priority Sargent Ranch Lenders, a group of individuals and entities holding the fractional interests in a first priority note and deed of trust encumbering all of the debtor's real property, hereby object to the Debtor's Motion to Employ Freeman Associates and To Securitize Contract With Superpriority Priming Lien Pursuant to 11 U.S.C. Section 364 ("Motion") and request a continuance of the hearing on the Motion until at least mid-July to afford creditors an opportunity to examine the Debtor and its records. The objections are, inter alia:

1. The Motion is premature. The Debtor's only asset is raw land. The proposed employment will do nothing to protect or preserve that asset from any real or imagined loss. Rather, the Debtor seeks to increase the land's present value through a speculative permitting process at the creditors' expense. While there is room in Chapter 11 for reasonable risk-taking, there is no present urgency requiring that the Motion be heard prior to affording creditors an adequate opportunity to complete discovery on the issues raised by the Motion and the creditors' multiple objections thereto.

2. The Motion is not supported by sufficient admissible evidence. The Debtor, which has the burden of proving the existence of adequate protection, has submitted no qualified appraisal testimony in support of its Motion. The only testimony on the issue is that of Mr. Pierce, the Debtor's primary owner. He is a real estate broker, but that license does not qualify him as an expert on the value of undeveloped ranch land, the value of non-conforming residential projects, the value of environmental mitigation rights, the value of solar credits or the value of a gravel mine. Mr. Pierce is simply speculating and "talking his book".

3. The only admissible evidence of value suggests that the property may not be worth even the amount of the encumbrances on the property. The undisputed amount of secured debt, as determined by the Debtor's own audit in October 2005 and adjusted for subsequent interest accrual, exceeds $150,000,000. Declaration of Jeffrey Goodrich in Support of Opposition to Debtor's

OPPOSITION OF FIRST PRIORITY SARGENT
RANCH LENDERS TO DEBTOR'S MOTION
TO EMPLOY FREEMAN ASSOCIATES, ETC.

2

120M266767043.tif - 5/6/2010 2:05:46 PM

Motion to Employ Freeman Associates and To Securitize Contract With Priming Lien ("Goodrich Dec"), par. 8 and Exhibit "D" thereto. The collateral for this debt was purchased in less than ten years ago for only $18 million. Goodrich Dec, p. 2:12 and Exhibit "A" thereto. No loan proceeds were spent on any improvements to the property. Id., Exhibit "A" thereto. About $14 million was spent on interest payments and over $14 million was spent on management fees to Mr. Pierce and other insider compensation. Id., p. 2:17-25. In short, other than the described potential gravel mine, there is nothing to suggest that after the most severe decline in undeveloped land values in California since the Great Depression, the property has significantly appreciated beyond its purchase price. Environmental mitigation and other development credits have absolutely no value in a market where no development is occurring, and the Debtor has to date refused to produce any documentation of the value of its solar site. Goodrich Dec., par. 6. As for the claimed residential lot value, Mr. Pierce already attempted residential development of the property years ago and completely failed, suggesting that any value of "residential lots" is entirely speculative and, in fact, non-conforming to any present zoning or general plan requirements. Id., par. 7.

4.    As for the speculative gravel mine, if its potential value is as great as the Debtor claims, there should be no difficulty, even in this market, of finding a buyer willing to buy the property for an amount sufficient to pay all creditors in full --- today. Before committing creditors, many of whom are retired, to a long term, speculative venture, creditors should be entitled to complete discovery to determine whether a sale of the property in its present condition would be a preferable method of debt repayment.

5.    Even if the potential mine has value and creditors eventually support a plan for its development instead of its sale, Mr. Pierce, having failed in two previous development schemes, does not appear to be qualified to manage that development. Goodrich Dec., par. 4 and 7. Creditors

OPPOSITION OF FIRST PRIORITY SARGENT
RANCH LENDERS TO DEBTOR'S MOTION
TO EMPLOY FREEMAN ASSOCIATES, ETC.

3

120M266767043.tif - 5/6/2010 2:05:46 PM

Case 10-00046-PB11    Filed 05/06/10    Doc 58    Pg. 4 of 4

May 06 10 01:02p    Goodrich & Associates    415-___-8630    p.5

should be allowed to complete discovery concerning his qualifications, his self-dealing and the transfer of millions of dollars of the Debtor's money and valuable property rights to him during the past several years. As just one example of his self-dealing, Mr. Pierce admitted at the 341 meeting in this case that the Debtor somehow assigned to him – in an unrecorded and previously undisclosed transaction --- a valuable oil lease that he subsequently sold for $1,250,000 in 2007. Based upon this recent disclosure, and his admission that the Debtor in its short lifetime paid him over $10,000,000 in management fees, loaned him $250,000 and "invested" over $1,600,000 in two of his other real estate schemes --- Roddy Ranch and Mare Island ("Goodrich Dec, par. 3) --- a complete investigation of Mr. Pierce's conduct and qualification must be completed before creditors should be required even to consider the Debtor's Motion. In short, even if the speculative value of a gravel mine cannot be immediately realized through a sale, creditors have a right to consider the appointment of a Chapter 11 Trustee before committing further resources to any venture under Mr. Pierce's control.

DATE: May 6, 2010

GOODRICH & ASSOCIATES

_____
Jeffrey J. Goodrich

OPPOSITION OF FIRST PRIORITY SARGENT
RANCH LENDERS TO DEBTOR'S MOTION
TO EMPLOY FREEMAN ASSOCIATES, ETC.

4